PRIME FINANCIAL GROUP, INC.

v.

EDWARD H. SMITH

April 13, 1993

*Rinden Professional Association,* of Concord (*Paul A. Rinden* on the brief and orally), for the plaintiff.

*Edward H. Smith,* by brief, *pro se.*

*Virginia M. Cannon,* of Concord, orally, for the defendant.

JOHNSON, J.   The defendant, Edward H. Smith, appeals the Superior Court's (*Manias,* J.) decision entering judgment against him as the guarantor of certain lease agreements made by the plaintiff, Prime Financial Group, Inc. (Prime Financial), and a third party. He argues that judgment should not be entered unless Prime Financial, the lessor under the agreements, produces the original leases and

files them with the superior court, in accordance with Superior Court Rule 77. We affirm, holding that Prime Financial need not file the original leases because the guaranties contained in them are not negotiable instruments or similar evidence of indebtedness.

Smith signed the following guaranty, contained in each of the Prime Financial leases at issue:

> "In consideration of Prime Financial Group, Inc. ('LESSOR') entering into the above equipment lease agreement (the 'Lease'), *the Undersigned unconditionally guarantees to LESSOR the prompt payment in full, when due, of all of LESSEE'S obligations under the Lease including without limitation, every Lease Payment payable under the Lease.* LESSOR shall not be required to proceed against LESSEE or the Equipment or enforce any other remedy before proceeding against the Undersigned. The Undersigned agrees to pay all attorney's fees and other expenses incurred by LESSOR by reason of any default by the LESSEE. The Undersigned waives notice of acceptance hereof and all other notices or demands of any kind to which it may be entitled and consents that LESSOR may, without affecting Undersigned's liability, compromise or release, on terms satisfactory to it or by operation of law or otherwise any rights against, and grant extensions of time of payment to LESSEE and other obligors and guarantors, and may consent to the transfer of the Equipment and the Lease. *This is a continuing Guaranty* and shall not be discharged or affected by death of the Undersigned, shall bind the heirs, administrators, representatives, successors and assigns, *and may be enforced by or for the benefit of any assignee or successor of the LESSOR to the same extent the LESSOR may, itself enforce it.*"

(Emphasis added.) The lessee defaulted on the leases, and Prime Financial sued Smith, as guarantor of the lessee's obligations. The Superior Court (*Dunn,* J.) found Smith liable, but when Prime Financial requested the court to enter judgment on the verdict, Smith objected that Prime Financial had not complied with Rule 77. This rule states: "When a verdict is rendered upon a negotiable instrument, or similar evidence of indebtedness, the same shall be filed with the Clerk before judgment or execution is issued, unless the Court otherwise orders."

Smith argued below, and argues now on appeal, that the guaranties contained in the lease agreements are "negotiable instru-

ment[s], or similar evidence of indebtedness," and that the superior court may not enter judgment on the verdict until Prime Financial files the original documents with the court. His main concern is that the originals might now be or end up in the hands of a holder in due course, thereby subjecting him to the specter of double payment for the same debt. He consequently maintains that copies of the documents are inadequate to protect his interests.

■■ We first determine whether the guaranties are negotiable instruments. The law in this area is well-defined and straightforward. "A continuing guaranty is not a negotiable instrument and therefore is not governed by Article 3 of the [Uniform Commercial] Code." 5 R. ANDERSON, ANDERSON ON THE UNIFORM COMMERCIAL CODE § 3-104:19, at 212 (1984). As the guaranties at issue here explicitly define themselves as continuing guaranties, they are not negotiable instruments. *Id.*

More specifically, they are not negotiable instruments because they do not meet all of the requirements of negotiability demanded by RSA 382–A:3–104 (1961):

"(1) Any writing to be a negotiable instrument within this Article must

(a) be signed by the maker or drawer; and

(b) contain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawer except as authorized by this Article; and

(c) be payable on demand or at a definite time; and

(d) be payable to order or to bearer."

First, the guaranties at issue here do not contain an "unconditional promise or order." RSA 382–A:3–104(1)(b); *see also* RSA 382–A:3–105 (1961 & Supp. 1992).

"[A] guaranty is by its very nature a *conditional promise* to pay. That is, a guarantor promises to pay only on the condition that the principal debtor fails to pay. A creditor may not refuse a tender of payment by the principal debtor and then force the guarantor to make good on his [or her] guaranty."

*Federal Deposit Ins. Corp. v. Galloway*, 613 F. Supp. 1392, 1400–01 (D. Kan. 1985), *overruled on other grounds*, 856 F.2d 112 (10th Cir. 1988). Second, the guaranties do not contain an "unconditional promise or order to pay a *sum certain*." RSA 382–A:3–104(1)(b) (emphasis added); *see also* RSA 382–A:3–106 (1961 & Supp. 1992). "A 'sum cer-

tain' is not payable because the amount due on the guaranty is dependent upon how much has been paid by the principal obligor." *Federal Deposit Ins. Corp. v. Hardt*, 646 F. Supp. 209, 212 (D. Ill. 1986). Third, the guaranties are not "payable on demand or at a definite time," RSA 382–A:3–104(1)(c); *see also* RSA 382–A:3–108, :3–109 (1961), because they are continuing guaranties, *Brooks v. United Kentucky Bank*, 659 S.W.2d 213, 215 (Ky. Ct. App. 1983), and because payment under them is dependent upon an unknown and unpredictable condition—default by the lessee. Fourth, the guaranties are not "payable to order or to bearer," RSA 382–A:3–104(1)(d); *see also* RSA 382–A:3–110, :3–111 (1961), as none of the requisite terms indicating compliance with this requirement appear in the documents, *see Galloway*, 613 F. Supp. at 1401; 4 W. HAWKLAND & L. LAWRENCE, UNIFORM COMMERCIAL CODE SERIES § 3-110:01, at 124 (1984). In sum, we hold that the guaranties are not negotiable instruments.

■■ Nor is the lease, or the guaranties included therein, "similar evidence of indebtedness" as envisioned by Rule 77. The purpose of Rule 77 is to mandate that, when judgment is given on an item that may circulate in commerce creating rights in holders that are not terminated by payment of the judgment, the court must assume custody of the original of that item to avoid the risk of the obligor having to pay twice. In order to be an evidence of indebtedness "similar" to a negotiable instrument, the evidence of indebtedness must be open to a claim of a holder in due course or a party vested with similar rights. An item may be drawn that would not meet the definition of a negotiable instrument, but that would vest in the holder the right to claim payment absent notice of prior payment. Such an evidence of indebtedness would be "similar" in a material way to a negotiable instrument, and Rule 77 would require that it be filed with the court, in the original, before judgment could issue. Payment of the judgment on the guaranties in this case, however, would be satisfaction of Smith's obligation as guarantor. Smith will have a valid defense, to the extent of payment, against subsequent claims for payment under the guaranties. We hold that compliance with Rule 77 is not required prior to the entry of judgment in this case.

At oral argument, Smith raised the possibility that the Federal Deposit Insurance Corporation could become a holder in due course despite the guaranties' lack of negotiability under the UCC. Smith cited the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 to support this contention, but did not suggest which of its myriad provisions might prove helpful to his case. *See* Act of Au-

gust 9, 1989, Pub. L. No. 101–73, 103 Stat. 183–553 (1989) (for locations of codification, see 12 U.S.C. § 1811 note). Finding no obvious grounds there for altering our interpretation of Rule 77, we decline to address this argument further.

*Affirmed.*

All concurred.